**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mirella Tamayo Puga and Martin Puga,  ) | No. CV-09-02501-PHX-NVW |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | [NOT FOR PUBLICATION] |
| ) | |
| One West Bank, et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is Defendant OneWest Bank, FSB's Motion to Dismiss Plaintiffs' Third Amended Complaint (Doc. 26).

**I.   Legal Standard**

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). To avoid dismissal, a complaint must contain "only enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to

1  a 'probability requirement,' but it asks for more than a sheer possibility that a defendant
2  has acted unlawfully." *Id.*

3  Generally, material beyond the pleadings may not be considered in deciding a Rule
4  12(b)(6) motion.  However, material properly submitted as part of the complaint and
5  documents not physically attached to the complaint whose contents are alleged in a
6  complaint and whose authenticity no party questions may be considered.  *Branch v.*
7  *Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v.*
8  *County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

9  **II.    Analysis**

10  The facts and procedural history of this case have been summarized previously.
11  (Docs. 16, 22.)  The Third Amended Complaint pleads two counts, quiet title and
12  declaratory judgment, arising out of a trustee's sale of Mr. and Mrs. Puga's residential
13  property.  (Doc. 23.)

14  To exercise rights under the Arizona Deed of Trust Act, lenders must strictly
15  comply with the Act's requirements, and the statutes must be strictly construed in favor of
16  the borrower.  *Patton v. First Fed. Sav. & Loan Ass'n*, 118 Ariz. 473, 477, 578 P.2d 152,
17  156 (1978).  Any person may bid at a trustee's sale, but "[o]nly the beneficiary may make
18  a credit bid in lieu of cash at sale."  A.R.S. § 33-810(A).

19  As alleged, on June 8, 2009, a Notice of Trustee's Sale was recorded, which
20  identifies the current beneficiary as IndyMac Federal Bank, FSB.  On October 6, 2009,
21  the designated trustee sold Mr. and Mrs. Puga's residential property at a trustee's sale.
22  On October 9, 2009, the Trustee's Deed Upon Sale was recorded, which states that the
23  grantee of the deed is "the foreclosing beneficiary" and the grantee is "IMB REO, LLC."
24  On March 9, 2010, a Corporate Assignment of Deed of Trust purporting to assign the
25  Deed of Trust from IndyMac Federal Bank, FSB, to OneWest Bank, FSB, was recorded.
26  The Corporate Assignment of Deed of Trust is dated February 17, 2010, and was
27  notarized on the same date.  The Third Amended Complaint alleges that there was no

28

assignment of the note from IndyMac Federal Bank, FSB, to IMB recorded prior to the October 9, 2010 trustee's sale. The Third Amended Complaint further alleges that IMB received the property on a credit bid, and only IndyMac Federal Bank, FSB, was qualified to make a credit bid under A.R.S. § 33-810.

In its motion to dismiss, OneWest Bank admits "an apparent scrivener's error" in the identification of the beneficiary on the Trustee's Deed:

> Plaintiffs' claim is based entirely upon an assertion that the trustee's sale was invalid because OneWest's wholly owned subsidiary, IMB REO, LLC, was identified as the beneficiary on the Trustee's Deed, rather than OneWest. [See TAC ¶¶ 14-19.] Such allegation is based entirely upon an apparent scrivener's error in the identification of the beneficiary on the Trustee's Deed and, as such, cannot support a claim for quiet title. The fact is that the proper beneficiary made the credit bid at the Trustee's Sale, and therefore Plaintiffs' quiet title claim should be dismissed.

(Doc. 26 at 3.) OneWest Bank also concedes that "IMB REO, LLC, was misidentified as the beneficiary on the Trustee's Deed, rather than OneWest" and "IMB REO, LLC was misidentified as the beneficiary/credit bidder on the Trustee's Deed." (*Id.* at 4; Doc. 28 at 3.) OneWest Bank's assertion that "the proper beneficiary made the credit bid at the Trustee's Sale" relies on facts outside the record, which cannot be considered on this motion to dismiss. As alleged, the trustee's sale was not conducted in strict compliance with Arizona statutes.

Thus, Count 1 of the Third Amended Complaint has the facial plausibility necessary to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Twombly*, 550 U.S. at 570. Count 2 of the Third Amended Complaint seeks declaratory judgment that the trustee's sale was invalid for reasons alleged in Count 1, and therefore will not be dismissed for failure to state a claim upon which relief can be granted.

IT IS ORDERED that Defendant OneWest Bank, FSB's Motion to Dismiss Plaintiffs' Third Amended Complaint (Doc. 26) is denied.

DATED this 14th day of September, 2010.

_____
Neil V. Wake
United States District Judge

- 3 -